UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael John Modena,

                Plaintiff,

  v.

United States of America,
U.S. Attorney General A. Gonzales,
Federal Bureau of Prisons,
Warden R.L. Morrison,
B.O.P. Staff Officer Ms. Anderson,
B.O.P. Staff Officer Mr. White,
and Federal Prison Camp,

                Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 06-2865 ADM/JSM

_____

Michael John Modena, *pro se.*

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for resolution of Plaintiff Michael John Modena's ("Plaintiff") Objections and Appeal [Docket No. 12] to Magistrate Judge Janie S. Mayeron's Order dated August 31, 2006 ("Order II") [Docket No. 10], ordering Plaintiff to pay an initial partial filing fee, and striking Plaintiff's Addendum to Complaint for Bench Trial ("1st Addendum") [Docket No. 8] and 2nd Addendum to Complaint for Bench Trial ("2nd Addendum") [Docket No. 9]. For the reasons stated herein, Judge Mayeron's Order is adopted and Plaintiff's Objections are overruled.

## II. BACKGROUND

Plaintiff is an inmate at the Federal Prison Camp in Duluth, Minnesota. Compl. [Docket No. 1] at 1. On June 30, 2006, Plaintiff filed a Complaint alleging that his rights were violated

under 18 U.S.C. §§ 241 and 242, and 42 U.S.C. § 1983.  Compl. at 11-12.  He also alleges charges of human trafficking violations pursuant to 18 U.S.C. § 1590, obstruction of justice under 18 U.S.C. § 1501, making false statements pursuant to 18 U.S.C. § 1001, contempt under 18 U.S.C. §§ 401 and 402, and racketeering.  Id. at 11-12.

The matter came before Magistrate Judge Mayeron on Plaintiff's Motion for Leave to Proceed in forma pauperis ("IFP") [Docket No. 2].  In her initial Order ("Order I") [Docket No. 4], Judge Mayeron ordered Plaintiff to file an amended IFP application and to pay an initial partial filing fee.  Plaintiff subsequently filed an amended application for leave to proceed IFP [Docket No. 5], and Judge Mayeron again ordered Plaintiff to pay the initial partial filing fee.  Order II at 1-2.[1]  In addition, Judge Mayeron instructed Plaintiff that to amend his Complaint, he must file an entirely new pleading, as his previous addendums did not comply with the Local Rules and would be stricken.  Id. at 2.  In his Objections, Plaintiff asserts that the addendums to his Complaint are proper under Rule 15(a) of the Federal Rules of Civil Procedure.  Objections at 2.  Plaintiff also seeks review of Judge Mayeron's decision not to address his Motion to Disqualify Magistrate Judge [Docket No. 7].  Objections at 2-3.

### III. DISCUSSION

The district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also D. Minn. LR 72.2(a).

---

[1] Magistrate Judge Mayeron ordered Plaintiff to pay an initial partial filing fee in the amount of $23.69, pursuant to 28 U.S.C. § 1915(b)(1).  Order II at 1.  She further ordered that if he did not do so by September 22, 2006, his claims would be dismissed.  Id. at 2.  On September 18, 2006, Plaintiff submitted an initial partial filing fee in the amount of $24.00 to the Court, fulfilling this requirement.  Receipt dated September 18, 2006 [Docket No. 11].

### A.     Plaintiff's Amended Pleading

In her Order, Magistrate Judge Mayeron cited the Federal Rules of Civil Procedure and Local Rule 15.1, which establish that Plaintiff has the right to file an amended complaint once as a matter of course, however, if he chooses to do so, he must file a new pleading which reproduces the entire Complaint as amended and does not incorporate any prior pleading by reference.  Order II at 2.  She instructed the Plaintiff that his previous filings, 1st Addendum and 2nd Addendum, do not meet the requirements of Local Rule 15.1 and therefore, would be stricken.  Order II at 2.  In his Objections, Plaintiff asserts that pursuant to Federal Rule of Civil Procedure 15(a), he may amend his Complaint at any time before a responsive pleading is served and before the action is placed upon the trial calendar.  Objections at 2.  Plaintiff states that he will not file a new pleading because neither of those conditions have occurred in this case, and argues that Judge Mayeron "is once again thwarting the process."  Id.

According to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff "may amend [his] pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, [he] may so amend it at any time within 20 days after it is served."  If Plaintiff wishes to amend his pleading, he must do so in accordance with Local Rule 15.1, which states that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."  D. Minn. LR 15.1.  Plaintiff's 1st Addendum and 2nd Addendum do not meet the requirements of Local Rule 15.1 because both

documents fail to reproduce the entire pleading as amended and seek to incorporate the original Complaint by reference.

Further, there is no evidence that Judge Mayeron has attempted to "thwart the process" as Plaintiff claims. As Judge Mayeron correctly notes, if Plaintiff wishes to amend his Complaint, he must file an entirely new pleading to replace his original complaint which (a) sets forth all of his claims against all Defendants, (b) does not make any reference to the original complaint, and (c) satisfies the general pleading requirements described in Rules 8 through 11 of the Federal Rules of Civil Procedure. Order II at 2-3. Judge Mayeron's Order that Plaintiff must file one complete amended complaint and that Plaintiff's 1st Addendum and 2nd Addendum shall be stricken is not clearly erroneous or contrary to law and is adopted. If Plaintiff elects to file an amended complaint, he must do so by November 13, 2006.[2]

**B.     Plaintiff's Motion to Disqualify Magistrate Judge**

Plaintiff objects to Judge Mayeron's decision not to address his Motion to Disqualify Magistrate Judge. Objections at 2. In his Objections, Plaintiff asks this Court to determine whether Judge Mayeron is in fact a party in this case, as she is named as a co-conspirator to alleged violations of the law in the body of Plaintiff's Complaint, and whether she can "rule on her own disqualification." Id.

According to Rule 10(a) of the Federal Rules of Civil Procedure, "[i]n the complaint, the title action shall include the names of all the parties . . . ." Judge Mayeron is not listed as a party

---

[2] In her Order, Judge Mayeron noted that Plaintiff's lawsuit may not survive the 28 U.S.C. § 1915A initial screening process, as his claims appear to be barred under Heck v. Humphrey, 512 U.S. 477 (1994). Order II at 2. This Court joins Judge Mayeron in cautioning Plaintiff to fully consider the implications of Heck before he is obligated to pay the fee of $350 to pursue this action.

in the Complaint, and is not a defendant in this matter.  Plaintiff's inclusion of Judge Mayeron's name in the body of his Complaint is not sufficient to name her as a defendant in this case.

In addition, Judge Mayeron stated in her Order "[w]hether the undersigned Magistrate Judge will be named as a Defendant in a later amended complaint, (if Plaintiff elects to file one), remains to be seen.  Therefore, Plaintiff's 'Motion to Disqualify Magistrate Judge' will not be addressed until after the deadline for filing an amended complaint."  Order II at 3.  If Judge Mayeron is named as a defendant in an Amended Complaint, she will rule on her own disqualification in the first instance.[3]

---

[3] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. §§ 455(a)-(b)(1).  "A judge is presumed to be impartial, and 'the party seeking disqualification bears the substantial burden of proving otherwise.'"  United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Mayeron's Order [Docket No. 10] is **ADOPTED;**

2. Plaintiff's Objections [Docket No. 12] are **OVERRULED;** and

3. If Plaintiff chooses to file an amended complaint, he must do so by November 13, 2006.

BY THE COURT:


　　　　s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 23, 2006.